Barnard, P. J.
The evidence does not with clearness and certainty show any negligence upon the part of the defendant. There was very considerable evidence taken, with respect to a tendency in the machine worked by the plaintiff for a brake, to fly out and stop the machine.
All this evidence is immaterial because the accident did not occur from the stoppage of the machine. The brake did not fly out. The plaintiff stopped the machine with the brake. “If you don’t throw it out far enough to unloosen the catiph clutch,” it will come in. After the machine stopped the plaintiff picked out some pieces of a broken pan, “and while I was picking them out the brake slipped and the press came down; the brake slipped in, it could not slip out because I had it all the way out, slipped in and started the press.” The evidence is not clear as to the tendency of this brake to return of itself after it is thrown out. The plaintiff testified that he had seen the men throw out the brake and leave it. “They never used anything to keep it out, it was supposed to stay out itself.” “I never had to put anything on to keep it out, the brake, it was supposed to stay out when it was out.” In another part of his testimony the plaintiff states that he always held his knee against it, “many a time it came against my knee, if it came in it would cut my finger off.” This apparent discrepancy is explained, I think, by the evidence in the case, that the brake has a tendency to go back while the machine continues in motion, by its own inertia after the brake is removed until it is fully stopped. Then such a tendency ceases. Another explanation is furnished that the machine itself continues unless the brake is thrown far enough back to unloosen the catch clutch.
The plaintiff understood this, for he says, “you always throw it far enough,” and in this case the testimony is that the press was stopped and started' by the slipping of the brake.
The case then is simply this : A good safe machine in other respects has no sufficient appliance to hold back a brake until the motion of the machinery ceases after the connection with the power is broken. The cases do not hold that the master is bound to furnish the best known or the best conceivable appliances.
The duty of the master is performed if he furnish reasonably safe appliances such as a prudent man would furnish if his own life was exposed to the dangers that would result *592 from unsuitable and defective appliances. Burke v. Witherbee, 98 N. Y., 562.
The evidence is not sufficient to establish the defendant’s negligence, and the verdict and judgment should therefore be reversed and a new trial granted, costs to abide event.
Dykman, J., concurs.